## In re Wylie

*Kathryn Linn-Stevenson, deputy attorney general,* for the commonwealth.

*Lawrence P. Lutz,* for petitioner.

RAUSCHENBERGER, *P.J.,* January 23, 1990 — Presently under consideration before this court is an appeal by petitioner from an order of the Department of Transportation suspending petitioner's driver's license.

Petitioner Wylie was notified by the Department of Transportation on July 28, 1989, that his opera-

tor's license had been suspended due to his failure to maintain financial responsibility on a motor vehicle involved in an accident on May 29, 1989.

The Department of Transportation seeks to impose a suspension upon petitioner's operator's license pursuant to 75 Pa.C.S. 1785. The statute reads as follows:

"§1785. *Proof of financial responsibility following accident* —

"If the department determines that the owner of a motor vehicle involved in a reportable accident requiring notice to a police department pursuant to section 3746 (relating to immediate notice of accident to police department) did not maintain financial responsibility on the motor vehicle at the time of a reportable accident, the department shall suspend the operating privilege of the owner, where applicable, and the department shall revoke the registration of the vehicle."

Petitioner was operating an all-terrain vehicle on a public road, which bisects his farm, at the time of the accident. Petitioner and his daughter, a co-rider on the ATV, were struck by a motorcycle while they were traveling from one barn to another on the farm. Both petitioner and his daughter were injured in the accident.

It is uncontroverted that the ATV is a motor vehicle under the broad definition of 75 Pa.C.S. §102.

" 'Motor Vehicle.' A vehicle which is self-propelled except one which is propelled solely by human power or by electric power obtained from overhead trolley wires, but not operated upon rails."

Due to petitioner's injuries this accident was a reportable accident pursuant to 75 Pa.C.S. §3746(a)(1). It is also clear that petitioner did not maintain any financial responsibility on the ATV.

The issue to be determined is whether financial

responsibility is required to be maintained on this particular type of vehicle.

The relevant statute in this regard states as follows:

"(a) *General rule* — Proof of financial responsibility may be furnished by filing evidence satisfactory to the department that all motor vehicles registered in a person's name are covered by motor vehicle liability insurance or by a program of self-insurance as provided by section 1787 (relating to self-insurance) or other reliable financial arrangements, deposits, resources or commitments acceptable to the department." 75 Pa.C.S. §1782.

The intent of the legislature is clear that financial responsibility is required on all registered vehicles. In addition, 75 Pa.C.S. §1781 requires all applicants for registration of a motor vehicle to sign a form acknowledging that the applicant is put on notice that failure to maintain financial responsibility may result in the loss of the motor vehicle registration. A person with a motor vehicle which is not required to be registered would not be aware of the sanctions imposed on registered vehicles. This is further evidence that the legislature intended registered motor vehicles to maintain financial responsibility. In addition, 67 Pa. Code §221.1 defines financial responsibility: "A motor vehicle liability insurance policy or program of self-insurance, complying with the requirements of 75 Pa.C.S. §1787 (relating to self-insurance) and approved by the department, covering all motor vehicles registered in a person's name." As per this definition, financial responsibility only covers all motor vehicles registered in a person's name. A motor vehicle which does not require registration does not require proof of financial responsibility for the purposes of 75 Pa.C.S. §1781-1787.

Therefore, the decision in this case must rest on whether petitioner's ATV requires registration. As a

general rule ATV's require a registration. 75 Pa.C.S. §7713(a). The definition of an ATV is "a motorized off-highway vehicle, 50 inches or less in width, having a dry weight of 600 pounds or less, traveling on three or more low-pressure tires and having a seat designed to be straddled by the operator is designated as a Class I all-terrain vehicle." 75 Pa.C.S. §7702(1).

Since it is uncontested that the vehicle is an ATV, the court finds that the vehicle in this case fits the definition.

There are certain vehicles which are exempt from registration. Included among them are multipurpose agricultural vehicles:

"Any multipurpose agricultural vehicle. Vehicles exempt from registration under this paragraph shall be used exclusively upon a farm or farms owned or operated by the owner of the vehicles or upon highways between: (i) Parts of one such farm. (ii) Such farms located not more than two miles apart." 75 Pa.C.S. §1302(17).

The definition of multipurpose agricultural vehicle as given in 75 Pa.C.S. §102 is:

"A motor vehicle which is 50 inches or less in width and 600 pounds or less in dry weight and which is used exclusively for agricultural operations and only incidentally operated or moved upon the highways."

According to testimony of workers on the farm the ATV was used exclusively for agricultural purposes. Pictures of the ATV show a basket on the front of the vehicle and further testimony reveals a trailer is normally attached to the ATV for hauling purposes.

This court finds that the evidence showed that the ATV was exempt from registration as a multipurpose agricultural vehicle, and therefore the petitioner in this case was not required to maintain financial responsibility on this motor vehicle.

## ORDER OF COURT

And now, January 23, 1990, the petition for appeal from order of Department of Transportation suspending operator's license filed by petitioner is sustained.

The secretary is directed to dismiss the petitioner's license suspension.